**SPINELLI, DONALD & NOTT**
A Professional Corporation
Domenic D. Spinelli, SBN: 131192
Alison W. Winter, SBN: 251084
Amy E. Williams, SBN: 277192
815 S Street, Second Floor
Sacramento, CA 95811
Telephone: (916) 448-7888
Facsimile: (916) 448-6888

Attorney for Defendants,
Sheriff Jon Lopey, individually and
in his capacity as Siskiyou County Sheriff,
Colleen Setzer, individually and in her
capacity as Siskiyou County Clerk, and
the County of Siskiyou

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VANG; WANG CHANG; JOUA CHAO MOUA; ALEXANDER VANG; DANG XIONG; DOLLARSAI YURGH; JOUA YENG VANG; MANISY MOUA; POUA VANG; RICHARD VANG; and DOES 1-200,<br><br>    Plaintiffs,<br><br> vs.<br><br>SHERIFF JON LOPEY, individually and in his capacity as Sheriff for the COUNTY OF SISKIYOU; COLLEEN SETZER, individually and in her capacity as Clerk for the COUNTY OF SISKIYOU; ALEX NISHIMURA, individually and in his capacity as an agent of the CALIFORNIA SECRETARY OF STATE; the COUNTY OF SISKIYOU; CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; Does 1-20, in their individual capacity; and DOES 1-20, inclusive<br><br>    Defendants,<br>_____/ | Case No.: 2:16-cv-02172-JAM-CMK<br><br>**DEFENDANTS LOPEY, SETZER AND SISKIYOU COUNTY'S POINTS AND AUTHORITIES IN <u>REPLY</u> TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date: November 15, 2016<br>Time: 1:30 pm<br>Courtroom.: 6<br><br>District Court Judge: John A. Mendez |

# I.
# INTRODUCTION

Plaintiffs' opposition to Defendants' Motion to Dismiss is woefully legally and factually deficient. Plaintiffs fail to make any attempt to demonstrate how the factual allegations set forth in their Complaint establish their Causes of Action. Without such showing, the Motion to Dismiss should be granted in its entirety, without leave to amend.

# II.
# LEGAL ARGUMENT

**A.  Plaintiffs' Own Complaint – and the Deficiencies Contained Therein – Demonstrate That They Cannot Allege the Requisite Facts for Their Causes of Action.**

The Complaint in this matter is brought by ten Plaintiffs, all of whose claims are <u>individual</u>. The Complaint is not pled as a class action and thus each Plaintiffs' claims must be scrutinized to determine whether they establish Causes of Action against these three Defendants. Notably, Plaintiffs' Opposition to the Motion to Dismiss does not specifically reference even one paragraph of their Complaint, and they have not even attempted to make any demonstration that their factual allegations are sufficient to support the Causes of Action alleged. Thus, Defendants present the following to establish that, in fact, the opposite is true. None of these Plaintiffs can maintain claims against these three Defendants.

1.  <u>Jesse Vang</u>: Mr. Vang alleges that he had one contact with at his property during the SOS's investigation on June 2, 2016. (Complaint, ¶ 35.) There is no allegation that he did not vote, whether or not as a reaction to this meeting. Assuming that he did vote because no claim to the contrary is alleged, such would indicate he was not intimidated by any Defendant. Mr. Vang demonstrates that he owns "property" in Siskiyou County (Comp., ¶ 33) for which he has "begun" taking steps to obtain permitting to make the parcel livable. (Comp., ¶ 34.) Mr. Vang cannot establish that he actually lives at the property, that his rights were in any way compromised, or that his voting was affected.

2.  <u>Wang Chang</u>: Mr. Chang admits that he does not speak English (Comp., ¶ 43) and did not speak to any individual who came to his property on June 1, 2016. (Comp., ¶ 44). However, he registered to vote, and in fact voted on June 7, 2016. (Comp., ¶ 45.) Mr. Chang has no basis for his assertion that he was supposedly intimidated out of voting by the June 1 visit when he has not

SPINELLI, DONALD & NOTT

1

DEFENDANTS LOPEY, SETZER AND SISKIYOU COUNTY'S POINTS AND AUTHORITIES IN <u>REPLY</u> TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

alleged that he had any understanding as to why the June 1 visit was made. Without speaking to anyone that day, he could not know the purpose of their visit or be deterred from voting as a result.

3.  <u>Joua Chao Moua</u>: Mr. Moua admits that he registered to vote in May of 2016. (Comp., ¶ 46.) The Complaint contains no allegation that Mr. Moua spoke to anyone who came to his property on June 2, 2016; in fact, he hid from them. (Comp., ¶ 48.) Nor does the Complaint allege that Mr. Moua did not vote or that he intends to vote in the upcoming election in Siskiyou County. If Mr. Moua did not speak to any Defendant, was not aware of the purpose of their visit, and cannot allege that he did not vote, his claims are deficient to support any Cause of Action.

4.  <u>Alexander Vang</u>: Mr. Vang alleges that he was informed on June 2, 2016 that he "was not registered to vote because he did not have a mailing address" and as a result, he did not vote. (Comp., ¶¶ 55-56.) However, he does not allege that he followed up on this information in any way. He similarly fails to allege that he did, actually, live at that property.

5.  <u>Dang Xiong</u>: Although Mr. Xiong alleges that he had a conversation with the individuals participating in the SOS investigation on June 2, 2016 (Comp., ¶¶ 61-63), he further alleges that he went to the polls on June 7, 2016 and voted. (Comp., ¶ 64.) Again, any claim that Mr. Xiong was subjected to voter intimidation or suppression are untenable.

6.  <u>Dollarsai Yurgh</u>: Although Mr. Yurgh had contact on some unspecified date in "early June 2016" (Comp., ¶ 69) and did not vote in the primary election in June, there is no allegation in the Complaint that Mr. Yurgh does not plan to vote in the November election. And, there is no claim that Mr. Yurgh actually does live at the property he used to register to vote.

7.  <u>Joua Yeng Vang</u>: Mr. Vang alleges that he spoke to unidentified personnel on or about June 1, 2016. (Comp., ¶ 74). Although he claims that he "became frightened and started shaking" after his interaction on that date (Comp., ¶ 77), he in fact did go to his polling place on June 7, 2016 and voted. (Comp., ¶ 79.) There is no allegation that he is afraid to vote in the future.

8.  <u>Manisy Moua</u>: Notably, Ms. Moua is the <u>only</u> Plaintiff that alleges she actually lives on her property. (Comp., ¶ 80.) Not only does Ms. Moua allege that she successfully registered to vote, but she voted by mail. (Comp., ¶ 85.) Thus, her interaction on June 2, 2016 (Comp., ¶¶ 81-83) either occurred after she voted by mail, or did not dissuade her from voting.

SPINELLI, DONALD & NOTT

2

DEFENDANTS LOPEY, SETZER AND SISKIYOU COUNTY'S POINTS AND AUTHORITIES IN <u>REPLY</u> TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

9.   <u>Poua Vang</u>: Although Mr. Vang alleges that three individuals came to his property "two or three" days before the June election (Comp., ¶ 87), he makes no allegation that he was dissuaded from voting as a result of this interaction, whether for the June or November election, or that he actually did not vote in June.

10.   <u>Richard Vang</u>: Mr. Vang alleges that, as a result of the June 2 conversation he had with an unidentified "sheriff's officer," he did not vote on June 7. (Comp., ¶ 91.) However, he fails to allege that he actually lived at the property or that he does not plan to vote in November.

Plaintiffs' claims are extraordinarily precarious. They either allege that they did, in fact, vote (which negates their arguments that they were intimidated out of doing so based on their interactions during the Secretary of State's investigation), or did not allege that they failed to vote or that they actually live at their Siskiyou County properties and are entitled to vote at that address. None of the Plaintiffs allege they were cited related to the County's new Ordinances related to medicinal marijuana cultivation, and the only search warrant issued related to Mr. Xiong, who was not present when the search warrant was executed.

**B.   Plaintiffs' Causes of Action Are Legally Deficient.**

A 12(b)(6) motion challenges the sufficiency of a complaint. Plaintiffs must demonstrate they have made the requisite factual allegations to support their Causes of Action; simply setting forth case law does not demonstrate that the Complaint is legally sufficient at this stage.

**1.   1983 Claims**

Plaintiffs fail to make any demonstration that their Complaint contains *specific allegations* against either Sheriff Lopey or Clerk Setzer. Without these, there is no allegation that these individuals violated the Plaintiffs' Constitutional rights.

Plaintiffs' understanding of the *Monell* case is misplaced. The *Monell* case analyzes County liability for employees' acts. Plaintiffs cite "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom…inflicts the injury that the government as an entity is responsible under § 1983." (*Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, 694.) But, Plaintiffs fail to point to any allegations in their Complaint that a municipal custom or policy resulted in the

SPINELLI, DONALD &
NOTT

3

DEFENDANTS LOPEY, SETZER AND SISKIYOU COUNTY'S POINTS AND AUTHORITIES IN <u>REPLY</u> TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

deprivation of a right. This, coupled with the absence of facts as to Clerk Setzer or Sheriff Lopey, demonstrates the glaring lack of support in Plaintiffs' Complaint for the 1983 claims.

Similarly, Plaintiffs' assertion that they "have suffered clear and unambiguous violations of their Constitutional Federal Rights," including "invading and searching private property" are not sufficient. (Opposition, p. 4:20-21, 5:24-25.) First, as demonstrated above, this Complaint is not a class action and generalized claims of conduct are inadequate. Each Plaintiff must set forth facts demonstrating the clear violation of their rights, which has not occurred. With the exception of Dang Xiong, whose property was searched subject to a search warrant, no Plaintiff has alleged that their properties were entered without consent, or searched. And, Plaintiffs have not pointed to any factual allegation, rather than conclusion, that supports their theory that they were targeted based on their race. Plaintiffs have made no attempt to demonstrate how the factual allegations in their Complaint actually support their section 1983 Causes of Action; they should be dismissed. As these Causes of Action fail, so too should the punitive damages claims be dismissed.

### 2.     Voting Causes of Action

As with their other Causes of Action, Plaintiffs' Opposition is silent as to the *factual allegations* that support their voting Causes of Action. First, although Plaintiffs claim that they were "physically residing and domiciles" [sic] (Opposition, p. 7:15-16) of Siskiyou County when they registered and voted, their Complaint is absolutely silent on these "facts." Rather, the Complaint demonstrates that, with one exception (Manisy Moua), the Plaintiffs' properties had no services or shelter and Plaintiffs had only just begun attempting to make them livable. (Complaint, ¶¶ 34, 54, 62, 68, 91.) Only one Plaintiff actually alleges that the property constituted her home. (Complaint, ¶ 80.) Nine of the Plaintiffs cannot establish that they were allowed to vote in Siskiyou County; owning property in a County is not enough and does not establish a domicile. Plaintiffs have not alleged that they consider these properties to be their permanent homes.

Further, Plaintiffs Eighth Cause of Action fails because, by definition, Measures T and U were not "at-large elections." (Cal. Elections Code §§ 329, 14026.) No fact or law is provided in Opposition to dispute this.

Finally, Plaintiffs' Ninth Cause of Action similarly fails. Plaintiffs focus on the evaluation

SPINELLI, DONALD & NOTT

4

DEFENDANTS LOPEY, SETZER AND SISKIYOU COUNTY'S POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

of the "totality of the circumstances" to determine whether the political process is equally open to minority voters. They fail to address the fact that, as a matter of law, the "totality of the circumstances" is <u>only</u> reached once <u>all three</u> *Gingles* requirements are established. (*League of United Latin American Citizens v. Perry* (2006) 548 U.S. 399, 425-426.) As set forth in the motion, and which Plaintiffs do not sufficiently oppose, none of the three *Gingles* elements are met, (See Motion, pg. 9), the "totality of the circumstances" evaluation will not occur, and Plaintiffs cannot allege otherwise to support this Cause of Action.

### 3. Negligence Causes of Action

Plaintiffs apparently rely on "traditional tort analysis" to support their common law Negligence Causes of Action against these three Defendants. Plaintiffs provide no legal authority for this position and, in fact, none exists. Rather, such negligence claims are governed by the Government Tort Claims Act. (Cal. Gov't Code §§ 810, et. seq.) Those sections require a statutory basis for any Cause of Action against a public entity, none of which has been provided here. (*Id.* at 815.6) Further, although Plaintiffs claim in their Opposition that they complied with the GTCA by mailing a notice on September 12, 2016, no such allegation is set forth in their Complaint.

### 4. Leave to Amend Should Not Be Allowed.

Plaintiffs have not requested leave to amend and have not demonstrated there are any additional facts that could be alleged to support their Causes of Action. The record in this matter further demonstrates that Plaintiffs will be unable to allege any further fact to support their Causes of Action against these Defendants. The Court should use its discretion to deny any further attempts by Plaintiffs to state a claim.

Dated:  November 8, 2016                                      **SPINELLI, DONALD & NOTT**

By:  /s/ Domenic D. Spinelli
      Domenic D. Spinelli
      Alison W. Winter
      Amy E. Williams
      Sheriff Jon Lopey, individually and
      in his capacity as Siskiyou County Sheriff,
      Colleen Setzer, individually and in her
      capacity as Siskiyou County Clerk, and
      the County of Siskiyou

SPINELLI, DONALD & NOTT

5
DEFENDANTS LOPEY, SETZER AND SISKIYOU COUNTY'S POINTS AND AUTHORITIES IN <u>REPLY</u> TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)