UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VANG; WANG CHANG; JOUA CHAO MOUA; ALEXANDER VANG; DANG XIONG; DOLLARSAI YURGH; JOUA YENG VANG; MANISY MOUA; POUA VANG; RICHARD VANG; and DOES 1-200,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF JON LOPEY, individually and in his capacity as Sheriff for the COUNTY OF SISKIYOU; COLLEEN SETZER; individually and in her capacity as Clerk for the COUNTY OF SISKIYOU; ALEX NISHIMURA, individually and in his capacity as an agent of the CALIFORNIA SECRETARY OF STATE; the COUNTY OF SISKIYOU; CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION; Does 1-20, in their individual capacity; and DOES 1-20, inclusive,<br><br>Defendants. | No.  2:16-cv-2172-JAM-CMK<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE** |

Defendants Sheriff Jon Lopey, County Clerk Colleen Setzer, and the County of Siskiyou (collectively "Defendants") filed a

1

special motion to strike Plaintiffs' complaint pursuant to California Code of Civil Procedure Section 425.16 ("Section 425.16" or "the anti-SLAPP statute").  ECF No. 16.  Plaintiffs oppose the motion.  ECF No. 30.  For the reasons set forth below, the Court DENIES Defendants' motion to strike.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs, ten members of the Hmong community, allege that "[t]he local government in Siskiyou County is engaged in a systematic campaign to deprive Plaintiffs, and other members of the Hmong community, of their right to vote, and their right to the exclusive use and enjoyment of their private property."  Compl. ¶ 1, ECF No. 1.  Plaintiffs further allege that "[D]efendants conspired to disenfranchise Plaintiffs by challenging their status as California residents through racially discriminatory implementation and enforcement of County Ordinances, and as to some plaintiffs, threatened prosecution."  Compl. ¶ 2.

In the June 2016 primary election, the voters of Siskiyou County approved two ordinances regarding the cultivation of marijuana.  Compl. ¶ 4.  Plaintiffs allege that Defendants have disproportionately targeted the Hmong community in enforcing the new ordinances.  Compl. ¶ 4.  Plaintiffs also allege that Defendants executed search warrants on various properties and that during the searches "residents who were present were

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 15, 2016.

2

handcuffed and held at gunpoint while their properties were ransacked." Compl. ¶ 31. Defendants allegedly seized medical marijuana plants during the searches. Compl. ¶ 31. Additionally, each Plaintiff alleges that individuals with guns came onto their property to investigate voter fraud. Compl. at 12-21.

Plaintiffs bring eleven causes of action: (1) violation of the Fourth Amendment right against unreasonable search and seizure, (2) violation of the Fourteenth Amendment, (3) municipal liability against the County on a failure to train theory, (4) supervisory liability against Sheriff Lopey, (5) employer liability against the County, (6) negligence, (7) negligent hiring and supervision, (8) violation of California Elections Code Section 14027, (9) violation of Section 2 of the Voting Rights Act, codified at 52 USC § 10301, (10) negligent infliction of emotional distress, and (11) ratification against the County. Compl. at 24-30. Plaintiffs bring their first through fifth and eleventh claims pursuant to § 1983. Id.

## II. OPINION

### A. Legal Standard

The California legislature enacted Section 425.16 to "provide a procedure for expeditiously resolving nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." Riese v. Cty. of Del Norte, 2013 WL 4732603, at *2 (N.D. Cal. Sept. 3, 2013) (citing Hansen v. Cal. Dep't of Corr. & Rehab., 171 Cal. App. 4th 1537, 1542-43

3

(2008)). Section 425.16 provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1). The statute defines "act in furtherance of a person's right of petition or free speech" as:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law,
>
> (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law,
>
> (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or
>
> (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

In deciding an anti-SLAPP motion, courts engage in a two-step process. Riese, 2013 WL 4732603, at *2. "First, the moving defendant has the burden to demonstrate that the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitution in connection with a public issue as defined in the statute." USA Wheel & Tire Outlet #2, Inc. v. United Parcel Serv. Inc., 2014 WL 197733, at *2 (C.D. Cal. Jan. 14, 2014). The defendant must "demonstrat[e]

4

that the facts underlying the plaintiff's complaint fit[] one of the categories spelled out in section 425.16, subdivision (e)." Riese, 2013 WL 4732603, at *2.  Second, if the court finds that the defendant has met its burden, the court "must determine whether the plaintiff has demonstrated a probability of prevailing on the claim."  Id.

B.   Analysis

Plaintiffs bring their first through fifth and eleventh claims under 42 U.S.C. § 1983 and their ninth claim under the Voting Rights Act.  The Court cannot strike these federal claims under the anti-SLAPP statute.  See id. at *3 (stating that "the anti-SLAPP statute cannot be used to strike federal causes of action").  Defendants' special motion to strike therefore pertains only to Plaintiffs' sixth, seventh, eighth, and tenth causes of action.

Defendants argue that the anti-SLAPP statute applies in this case because "the County Defendants' alleged conduct was during or in connection with official proceedings authorized by law on matters of public interest."  Mot. to Strike at 9. Defendants argue that "[i]nvestigatory activities by public agencies are 'official proceedings authorized by law.'"  Id. Defendants also contend that because investigatory activities are "official proceedings authorized by law," such activities are protected under the anti-SLAPP statute.  Id.

Defendants' argument fails for at least three reasons. First, Defendants do not indicate under which of the four enumerated categories of protected activities their actions fall.  Defendants state in their motion to strike that "[a]

1  defendant meets the burden of establishing [the] first step 'by
2  demonstrating that the act underlying the plaintiff's cause fits
3  on one of the categories spelled out in section 425.16,
4  subdivision (e).'"  Mot. to Strike at 8.  Despite their own
5  admission of this burden, Defendants fail to identify the
6  category into which their acts fit.
7       Second, the cases that Defendants rely upon in support of
8  their argument that their investigatory activities are protected
9  by the anti-SLAPP statute are not directly on point.  In
10 Garamendi v. Golden Eagle Ins. Co., 128 Cal. App. 4th 452, 478
11 (2005), the court stated that "[t]he term 'official proceeding'
12 extends to investigatory activities by public agencies."  The
13 defendants in Garamendi, however, did not bring a special motion
14 to strike under the anti-SLAPP statute.  Garamendi does not
15 mention Section 425.16 and only discusses the term "official
16 proceeding" as it pertains to the litigation privilege created
17 by California Civil Code Section 47.  Id.  Defendants apparently
18 rely on Garamendi because the California Supreme Court once
19 stated that statements protected under the Section 47(b)
20 litigation privilege are 'equally entitled to the benefits of
21 section 425.16."  Briggs v. Eden Council for Hope and
22 Opportunity, 19 Cal. 4th 1106, 1115 (1999).  Mot. to Strike at 9
23 (quoting.  But Defendants' reliance on Briggs is misplaced: the
24 California Supreme Court more recently held that "the litigation
25 privilege and the anti-SLAPP statute are substantively different
26 statutes that serve quite different purposes" and that the
27 litigation privilege may apply to statements that are
28 "nonetheless not protected under the anti-SLAPP statute."

6

Flatly v. Mauro, 39 Cal. 4th 299, 322 (2006).  Flatly makes clear that privilege under Section 47(b) and protection under Section 425.16 are not synonymous, as Defendants suggest.

Third, the anti-SLAPP statute specifically protects "statement[s] or writing[s]" or "conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech."  Cal. Civ. Proc. Code § 425.16.  Defendants do not identify any specific "statement[s] or writing[s]" that gave rise to Plaintiffs' allegations.  Defendants argue that their investigatory *conduct* is entitled to anti-SLAPP protection, but they fail to show whether such conduct was performed "in furtherance of" Defendants' right of petition or free speech.

Defendants fail to meet their burden to show that the anti-SLAPP statute applies to their alleged acts in this case.  Thus, the Court need not engage in step two of the anti-SLAPP analysis.  Defendants' motion to strike is denied.

C.   Fees and Costs

The Court denies Defendants' request for fees and costs associated with this motion because Defendants have not prevailed.  See Cal. Civ. Pro. Code § 425.16(c).

II.   ORDER

For the reasons set forth above, the Court DENIES Defendants' special motion to strike.

IT IS SO ORDERED.

Dated:   January 4, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7