1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9   JESSE VANG; WANG CHANG; JOUA          No.  2:16-cv-2172-JAM-CMK
    CHAO MOUA; ALEXANDER VANG;
10  DANG XIONG; DOLLARSAI YURGH;
    JOUA YENG VANG; MANISY MOUA;
11  POUA VANG; RICHARD VANG; and     **ORDER GRANTING DEFENDANTS'**
    DOES 1-200,                      **MOTION TO DISMISS**
12
                Plaintiffs,
13
         v.
14
    SHERIFF JON LOPEY,
15  individually and in his
    capacity as Sheriff for the
16  COUNTY OF SISKIYOU; COLLEEN
    SETZER; individually and in
17  her capacity as Clerk for the
    COUNTY OF SISKIYOU; ALEX
18  NISHIMURA, individually and
    in his capacity as an agent
19  of the CALIFORNIA SECRETARY
    OF STATE; the COUNTY OF
20  SISKIYOU; CALIFORNIA
    DEPARTMENT OF FORESTRY AND
21  FIRE PROTECTION; Does 1-20,
    in their individual capacity;
22  and DOES 1-20, inclusive,

23                Defendants.

24

25       Defendants Sheriff Jon Lopey ("Lopey"), County Clerk Colleen

26  Setzer ("Setzer") and the County of Siskiyou (collectively

27  "Defendants") move to dismiss Plaintiffs' complaint.  ECF No. 15.

28  Plaintiffs oppose the motion.  ECF No. 31.  For the reasons set

                                    1

1    forth below, the Court GRANTS Defendants' motion to dismiss.[1]

2          I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

3          Plaintiffs, ten members of the Hmong community, allege that

4    "[t]he local government in Siskiyou County is engaged in a

5    systematic campaign to deprive Plaintiffs, and other members of

6    the Hmong community, of their right to vote, and their right to

7    the exclusive use and enjoyment of their private property."

8    Compl. ¶ 1, ECF No. 1.  Plaintiffs further allege that

9    "[D]efendants conspired to disenfranchise Plaintiffs by

10   challenging their status as California residents through racially

11   discriminatory implementation and enforcement of County

12   Ordinances, and as to some plaintiffs, threatened prosecution."

13   Compl. ¶ 2.

14         In the June 2016 primary election, the voters of Siskiyou

15   County approved two ordinances regarding the cultivation of

16   marijuana.  Compl. ¶ 4.  Siskiyou County Code Section 10-14.030

17   prohibits outdoor cultivation of marijuana.  See Defs.' Req. for

18   Judicial Notice ("RJN") Ex. A, ECF 15-2.  Section 10-14.090

19   empowers the Board of Supervisors or an enforcing officer to

20   enforce Section 10-14.030 by issuing notices of abatement.  Id.

21         Plaintiffs allege that Defendants have disproportionately

22   targeted the Hmong community in enforcing the new ordinances.

23   Compl. ¶ 4.  The County has issued several nuisance violation

24   notices and scheduled abatement hearings.  Compl. ¶ 29.

25   Plaintiffs also allege that Defendants executed search warrants

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for November 15, 2016.

on various properties and that during the searches "residents who were present were handcuffed and held at gunpoint while their properties were ransacked." Compl. ¶ 31. Defendants allegedly seized medical marijuana plants during the searches. Compl. ¶ 31. Plaintiffs also allege that individuals with guns came onto their properties to investigate voter fraud. Compl. at 12-21.

Plaintiffs bring eleven causes of action: (1) violation of the Fourth Amendment right against unreasonable search and seizure against all defendants, (2) violation of the Fourteenth Amendment against all defendants, (3) municipal liability against the County on a failure-to-train theory, (4) supervisory liability against Lopey, (5) employer liability against the County, (6) negligence against all defendants, (7) negligent hiring and supervision against all defendants, (8) violation of California Elections Code Section 14027 against all defendants, (9) violation of § 2 of the Voting Rights Act against all defendants, (10) negligent infliction of emotional distress against all defendants, and (11) ratification against the County. Compl. at 24-30. Plaintiffs bring their first through fifth and eleventh claims pursuant to § 1983. Id.

II. OPINION

A.   Judicial Notice

Defendants ask the Court to take judicial notice of the two Siskiyou County municipal ordinances at issue in this litigation. RJN at 2. Since "[m]unicipal ordinances are proper subjects for judicial notice," Tollis, Inc. v. Cty. of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007), the Court takes

1  judicial notice of Siskiyou County Code Sections 10-14.030 and

2  10-14.090.

3      B.   Plaintiffs' § 1983 Claims

4      Before addressing each individual cause of action, the

5  Court addresses three issues raised by Defendants that pertain

6  to all of Plaintiffs' § 1983 claims: (1) claims against

7  individual defendants in their official capacities,

8  (2) qualified immunity, and (3) County liability.

9          1.   Plaintiffs' Official Capacity Claims Against
               Lopey and Setzer
10

11      Plaintiffs sue Lopey and Setzer in their individual and

12  official capacities.  Compl. at 1.  Defendants contend that

13  § 1983 claims "cannot be maintained against the Sheriff and

14  Clerk in their official capacities."  Mot. to Dismiss at 4.

15  Defendants are correct.  "A claim against a state or municipal

16  official in her official capacity is treated as a claim against

17  the entity itself."  Rose v. Cty. of Sacramento, 163 F. Supp. 3d

18  787, 793 n.1 (E.D. Cal. 2016) (citing Kentucky v. Graham, 473

19  U.S. 159, 166 (1985)).  When a plaintiff sues a local government

20  entity and an officer in his official capacity, "the court may

21  dismiss the officer as a redundant defendant."  Ctr. for Bio-

22  Ethical Reform, Inc. v. L.A. Cty. Sheriff Dep't, 533 F.3d 780,

23  799 (9th Cir. 2008).  Claims against officers in their personal

24  capacities, however, may remain.  Fontana v. Alpine Cty., 750 F.

25  Supp. 2d 1148, 1155 (E.D. Cal. 2010).  The Court therefore

26  dismisses Plaintiffs' § 1983 claims against Lopey and Setzer in

27  their official capacities without leave to amend.

28

4

1        2.   <u>Qualified Immunity</u>

2        Defendants argue that qualified immunity shields Setzer and

3   Lopey from liability for Plaintiffs' § 1983 claims.  Mot. to

4   Dismiss at 4.  Although § 1983 allows individuals to vindicate

5   their federal rights, qualified immunity protects government

6   officials from liability for damages in certain situations.  <u>A.C.</u>

7   <u>v. Griego</u>, 2016 WL 5930592, at *2 (E.D. Cal. Oct. 12, 2016).

8   "Qualified immunity balances two important interests . . . the

9   need to hold public officials accountable when they exercise

10  power irresponsibly and the need to shield officials from

11  harassment, distraction, and liability when they perform their

12  duties reasonably."  <u>Pearson v. Callahan</u>, 555 U.S. 223, 231

13  (2009).  "Qualified immunity is determined by a two-step inquiry:

14  (1) Are the facts that a plaintiff has alleged or shown

15  sufficient to demonstrate a violation of a constitutional right?;

16  and (2) Was the right at issue 'clearly established' at the time

17  of the defendant's alleged misconduct?"  <u>Abudiab v. Georgopoulos</u>,

18  586 F. App'x 685, 686 (9th Cir. 2013).

19       As to Lopey, Defendants argue that he "was not present

20  during the investigations that occurred at the various

21  properties, and it is not unreasonable for a local law

22  enforcement agency to assist an outside agency" in an

23  investigation of possible voter fraud.  Mot. to Dismiss 4-5.  As

24  to Setzer, Defendants assert that "the allegations simply

25  establish that she had minimal involvement beyond simply

26  performing her statutory duty to report the possibility of voter

27  fraud."  <u>Id.</u> at 5.

28

1    Plaintiffs respond that "Defendants actively participated in

2  the investigations herewith and it is Plaintiffs['] belief that

3  many of the Defendants were present and armed with military-style

4  assault rifles . . . [t]herefore, sufficient facts are alleged to

5  establish that a reasonable officer would believe the conduct in

6  question is unlawful under clearly established law."  Opp'n at 4.

7    Plaintiffs' conclusory and unsupported argument fails.

8  While Plaintiffs assert that "many of the Defendants"

9  investigated Plaintiffs while holding assault rifles, Plaintiffs

10  do not point to any factual allegations showing that either Lopey

11  or Setzer personally participated in such activity.  Plaintiffs

12  allege only that Setzer reported suspected voter fraud to Lopey

13  and the California Secretary of State and notified individuals of

14  incomplete voter registration cards.  Compl. ¶¶ 18, 19.  Setzer

15  simply performed her job duties, and Plaintiffs do not provide

16  any support for their contention that Setzer's actions deprived

17  them of a constitution right.  Additionally, some Plaintiffs

18  voted in the June election, belying Plaintiffs' allegations that

19  Setzer infringed upon each Plaintiff's right to vote.  See Compl.

20  ¶¶ 45, 64, 79.  Qualified immunity shields Setzer from liability,

21  and the Court dismisses all § 1983 claims brought against Setzer

22  with prejudice.

23    As to Lopey, Plaintiffs allege only that he issued press

24  releases and that some of his subordinates visited Plaintiffs'

25  properties.  Compl. at 8-9.  Plaintiffs fail to allege that Lopey

26  personally violated any of Plaintiffs' constitutional rights and

27  he is also entitled to qualified immunity.  All § 1983 claims

28

1  brought against Lopey in his individual capacity are dismissed

2  without leave to amend.[2]

3          3.   County Liability

4      A local government cannot be held liable pursuant to § 1983

5  under a theory of "respondeat superior." Christie v. Iopa, 176

6  F.3d 1231, 1234-35 (9th Cir. 1999).  Instead, municipalities are

7  liable only when action pursuant to official municipal policy

8  causes a constitutional violation.  Id. at 1235.  The "official

9  policy" requirement "distinguishe[s] acts of the *municipality*

10  from acts of *employees* of the municipality," and thereby limits

11  liability to actions for which the municipality is actually

12  responsible.  Id. (emphasis in original).

13      Plaintiffs allege an unconstitutional municipal policy or

14  practice only in their third cause of action.  Compare Compl.

15  ¶¶ 110, 113 with Compl. ¶ 115.  The Court therefore dismisses

16  Plaintiffs' first and second causes of action as brought against

17  the County with leave to amend.  The Court also dismisses

18  Plaintiffs' fifth cause of action for "Employer Liability

19  Against County of Siskiyou" without leave to amend because

20  municipalities cannot be held liable under § 1983 merely because

21  they employ people who may have violated constitutional rights.

---

22  [2] A court should freely grant leave to amend "when justice so

23  requires." Fed. R. Civ. P. 15(a)(2).  But a court may deny leave
   to amend when it finds that the plaintiff cannot possibly cure

24  the complaint without contradicting allegations in his original
   complaint.  Garmon v. Cty. of Los Angeles, 828 F.3d 837, 846 (9th

25  Cir. 2016); see also Bolin v. Brown, 2012 WL 2933502, at *5 (E.D.

26  Cal. Jul. 18, 2012).  The Court finds that Plaintiffs cannot
   amend their claims against Setzer and Lopey without contradicting

27  the operative complaint's allegations showing that Setzer and
   Lopey were not personally involved in the constitutional

28  violations that Plaintiffs allege.

See id.

> 4.   Third Cause of Action: § 1983 Municipal Liability
>      Against the County

Plaintiffs allege municipal liability against the County based on a failure-to-train theory. Compl. ¶ 115. Plaintiffs allege that the County's training policies "were not adequate to train its sheriff's deputies and police officers to handle voter fraud investigations and building safety code enforcement." Compl. ¶ 115.

A public entity's failure to adequately train its employees may create liability under § 1983 when the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." Myers v. City of Madera, 2011 WL 2361628, at *5 (E.D. Cal. Jun. 9, 2011) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long v. Cty. of L.A., 442 F.3d 1178, 1186 (9th Cir. 2006). A plaintiff alleging a failure-to-train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that amounted to deliberate indifference to the constitutional rights of the persons' with whom its police officers are likely to come into contact; and (3) his constitutional injury would have been avoided had the municipality properly trained those officers." Blankenhorn v. City of Orange, 485 F.3d 463, 485 (9th Cir. 2007).

Plaintiffs fail to "identify any specific training that was

1 deficient, or how the policy amounted to deliberate

2 indifference." See Molina v. City of Visalia, 2014 WL 1117005,

3 at *4 (E.D. Cal. Mar. 14, 2014). Absent such allegations this

4 claim cannot survive.   The motion to dismiss Plaintiffs' third

5 cause of action is granted with leave to amend.

6        5.   Eleventh Cause of Action: Ratification Against the
              County
7

8        Plaintiffs allege that "Lopey ratified his subordinates'

9 acts because he knew of and specifically approved of the pattern

10 and practice of sheriff's deputies in Siskiyou County using

11 excessive force while on duty and unlawfully entering onto

12 private property without a search warrant."  Compl. ¶ 146.

13       To impose municipal liability under a ratification theory, a

14 plaintiff must show that the authorized policymakers approved a

15 subordinate's decision and the basis for it.  Lytle v. Carl, 382

16 F.3d 978, 987 (9th Cir. 2004).  Mere failure to overrule a

17 subordinate's actions, without more, cannot support a § 1983

18 claim.  Id.  Additionally, "the Ninth Circuit 'appears to require

19 something more than a failure to reprimand to establish a

20 municipal policy or ratification.'"  Hill v. Fairfield Police

21 Dep't, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016) (quoting

22 Kanae v. Hodson, 294 F. Supp. 2d 1179, 1189 (D. Haw. 2003)).

23 Vague and conclusory allegations of official participation in

24 § 1983 violations cannot withstand a motion to dismiss.  Arres v.

25 City of Fresno, 2011 WL 284971, at *17 (E.D. Cal. Jan. 26, 2011).

26       Plaintiffs' allegations merely recite the elements of a

27 ratification claim.  See Compl. ¶ 146.  Plaintiffs provide no

28 facts to support their allegations that Lopey knew of his

9

1    subordinates' actions or that he approved of such actions.  The

2    Court therefore must dismiss Plaintiffs' eleventh claim but does

3    so with leave to amend.

4         C.   State Common Law Claims

5         Plaintiffs assert three California state common law claims:

6    negligence (sixth cause of action), negligent hiring/supervision

7    (seventh cause of action), and intentional infliction of

8    emotional distress ("NIED") (tenth cause of action).  Compl. at

9    27-29.  "It is well-settled that there is no common law tort

10   liability for public entities in California; instead, such

11   liability must be based on statute."  Cardinal v. Buchnoff, 2010

12   WL 3609489, at *2 (S.D. Cal. Sept. 14, 2010).  Plaintiffs' sixth,

13   seventh, and tenth causes of action are based on common law, not

14   on statute, and thus are dismissed as brought against the County

15   without leave to amend.

16        Defendants next argue that California Government Code

17   section 821 shields both Setzer and Lopey from liability for

18   their actions in investigating potential voter fraud.  Mot. to

19   Dismiss at 12.  Section 821.6 provides:

20        "[a] public employee is not liable for injury caused
         by his instituting or prosecuting any judicial or
21       administrative proceeding within the scope of his
         employment, even if he acts maliciously and without
22       probable cause."

23        California courts construe section 821.6 broadly.  Gillan v.

24   City of San Marino, 147 Cal. App. 4th 1033, 1048 (2007). "Section

25   821.6 is not limited to conduct occurring during formal

26   proceedings.  It also extends to actions taken in preparation for

27   formal proceedings.  Because investigation is 'an essential step'

28   toward the institution of formal proceedings, it is also cloaked

                                   10

1   with immunity."  <u>Clark v. Cty. of Tulare</u>, 2010 WL 5437195, at *2

2   (E.D. Cal. Dec. 27, 2010) (quoting <u>Javor v. Taggart</u>, 98

3   Cal.App.4th 795, 808 (2002)) (internal punctuation omitted).

4        Plaintiffs respond by arguing that "the immunities provided

5   under Gov Code section 818.2 829, 820.6 and 845 do not render

6   this Cause of Action non-actionable."  Opp'n at 13.  But

7   Plaintiff's do not cite to any authority or provide any analysis

8   to support this proposition.  Plaintiffs' unsupported argument

9   fails.  The facts alleged indicate that Setzer and Lopey acted in

10  furtherance of an investigation into potential voter fraud when

11  they notified the California Secretary of State and provided

12  officers to assist the Secretary of State's investigator.

13  Plaintiffs have not provided any facts or arguments to rebut

14  section 821.6's applicability to this case.  The Court finds that

15  Lopey and Setzer are immune from Plaintiffs' state law claims

16  pursuant to section 821.6 and therefore dismisses these claims

17  with prejudice as to these individual defendants.

18        D.   <u>Voting Causes of Action</u>

19       Plaintiffs bring two voting claims: violation of California

20  Elections Code section 14027 (eighth cause of action) and

21  violation of § 2 of the Voting Rights Act (ninth cause of

22  action).  Compl. at 28-29. As explained below, neither of these

23  causes of action can survive.

24            1.   <u>Eighth Cause of Action: Violation of California
                   Elections Code Section 14027</u>
25

26       Plaintiffs allege that Defendants used an "'at-large

27  election' to pass Measures T and U in an intentional, unlawful,

28  and selective way for the purpose of disenfranchising Plaintiffs

1  specifically, and Hmong residents general[ly]" in violation of

2  California Elections Code section 14027.  Compl. ¶ 136.

3

4       Section 14027 of the Elections Code states:

5       An at-large method of election may not be imposed or
        applied in a manner that impairs the ability of a
6       protected class to elect candidates of its choice or
        its ability to influence the outcome of an election,
7       as a result of the dilution or the abridgment of the
        rights of voters who are members of a protected class,
8       as defined pursuant to Section 14026.

9  Cal. Elec. Code § 14027.  Section 14026 defines an "at-large

10 election" as:

11      (1)  One in which the voters of the entire
             jurisdiction elect the members to the governing
12           body.

13      (2)  One in which the candidates are required to
             reside within given areas of the jurisdiction and
14           the voters of the entire jurisdiction elect the
             members to the governing body.

15
        (3)  One which combines at-large elections with
16           district-based elections.

17 Cal. Elec. Code § 14026.

18     Defendants contend that "Measures T and U were propositions

19 submitted to popular vote, not an 'at-large' election, which has

20 a specific statutory definition.  . . . [T]here was simply no

21 'at-large election' regarding Measures T and U."  Mot. to Dismiss

22 at 8-9.  Plaintiffs assert without authority that Measures T and

23 U were passed through "at-large" methods.  Opp'n at 8.

24     At least facially, California Elections Code sections 14026

25 and 14027 apply to elections of *candidates*.  Plaintiffs do not

26 cite any authority to support their contention that these

27 sections apply to passage of measures or propositions. Absent

28 such authority, this Court declines to interpret this state

                                  12

1  statute to apply beyond the statute's plain text and dismisses

2  Plaintiffs' eighth cause of action without leave to amend.

3         2.   Ninth Cause of Action: Voting Rights Act

4       Plaintiffs allege that Defendants "imposed voting

5  qualifications and/or prerequisites to voting and/or standards,

6  practices, or procedures in a manner resulting in a denial or

7  abridgement of the right of Plaintiffs, citizens of the United

8  States, to vote on account of race or color" in violation of § 2

9  of the Voting Rights Act.  Compl. ¶ 139.

10      Section 2 of the Voting Rights Act states that:

11      (a)  No voting qualification or prerequisite to voting
             or standard, practice, or procedure shall be
12           imposed or applied by any State or political
             subdivision in a manner which results in a denial
13           or abridgement of the right of any citizen of the
             United States to vote on account of race or color
14           . . .

15      (b)  A violation of subsection (a) is established if,
             based on the totality of circumstances, it is
16           shown that the political processes leading to
             nomination or election in the State or political
17           subdivision are not equally open to participation
             by members of a class of citizens protected by
18           subsection (a) in that its members have less
             opportunity than other members of the electorate
19           to participate in the political process and to
             elect representatives of their choice.  The
20           extent to which members of a protected class have
             been elected to office in the State or political
21           subdivision is one circumstance which may be
             considered: *Provided,* that nothing in this
22           section establishes a right to have members of a
             protected class elected in numbers equal to their
23           proportion in the population.

24  52 U.S.C. § 10301.

25      Plaintiffs' ninth claim fails for two reasons.  First, § 2

26  expressly applies to elections of representatives.  Plaintiffs

27  again fail to supply this Court with any authority to apply § 2

28  to the passage of measures.  Second, a plaintiff asserting a § 2

1    violation must establish three threshold conditions: "(1) the

2    racial group is sufficiently large and geographically compact to

3    constitute a majority in a single-member district; (2) the racial

4    group is politically cohesive; and (3) the majority votes

5    sufficiently as a bloc to enable it usually to defeat the

6    minority's preferred candidate." League of United Latin Am.

7    Citizens v. Perry, 548 U.S. 399, 425 (2006) (internal citations

8    and punctuation omitted).  "These are the so-called Gingles

9    requirements." Id.  "If all three Gingles requirements are

10   established, the statutory text directs us to consider the

11   'totality of circumstances' to determine whether members of a

12   racial group have less opportunity than do other members of the

13   electorate." Id. at 425-26.

14        Plaintiffs do not plead any of the Gingles requirements

15   necessary to state a § 2 violation.  Additionally, the Gingles

16   requirements expressly apply to the election of a "minority's

17   preferred candidate."  There is no indication in the statute that

18   Congress intended § 2 to apply to the passage of measures, and

19   Plaintiffs have not provided any case law showing that the

20   statute has been interpreted this way by courts.  Without any

21   authority that § 2 applies to the passage of measures, this Court

22   declines interpret § 2 so broadly.  Plaintiffs' ninth cause of

23   action is dismissed without leave to amend.

24        Because the Court has found that section 14027 of the

25   California Elections Code and § 2 of the Voting Rights Act do not

26   apply to this case, the Court need not address Defendants'

27   arguments regarding Plaintiffs' standing to bring these voting

28   claims.

14

1

    E.   <u>Punitive Damages</u>

2       Plaintiffs request "an award of punitive and exemplary

3  damages against Defendants according to proof at trial."  Compl.

4  at 31, ¶ 6.  California Government Code section 818 states that

5  public entities are not liable for "damages imposed primarily

6  for the sake of example and by way of punishing the defendant."

7  "[A] municipality is [also] immune from punitive damages under

8  42 U.S.C. § 1983."  <u>City of Newport v. Fact Concerts, Inc.</u>, 453

9  U.S. 247, 271 (1981).  Because none of Plaintiffs' claims

10  against Lopey and Setzer survive, only the County—which is

11  immune from all punitive damages—remains as a defendant.

12  Accordingly, the Court strikes Plaintiffs' request for punitive

13  damages from the complaint.

14

    F.   <u>Attorney's Fees</u>

15       42 U.S.C. § 1988(b) provides that "[i]n any action or

16  proceeding to enforce a provision" of 42 U.S.C. § 1983, "the

17  court, in its discretion, may allow the prevailing party . . .

18  reasonable attorney's fee as part of the costs."  A court may

19  award attorney's fees to "a prevailing defendant . . . under

20  § 1983, only upon 'a finding that the plaintiff's action was

21  frivolous, unreasonable, or without foundation.'"  <u>Gallardo v.</u>

22  <u>Hanford Joint Union Sch. Dist.</u>, 2015 WL 4661636, at *1 (E.D.

23  Cal. Aug. 5, 2015) (quoting <u>Christiansburg Garment Co. v. EEOC</u>,

24  434 U.S. 412, 421 (1978)).  Defendants do not argue that

25  Plaintiffs' § 1983 claims are "frivolous, unreasonable, or

26  without foundation" and the Court refuses to make such a

27  finding.  Defendants' request for attorney's fees is denied.

28

1

II.   ORDER

2        For the reasons set forth above, the Court GRANTS

3   Defendants' Motion to Dismiss.  The following claims are

4   dismissed without leave to amend:

5        • All causes of action against Lopey and Setzer
         • The fifth cause of action as brought against the County
6        • The sixth, seventh and tenth causes of action as
           brought against the County
7        • The eighth and ninth causes of action as brought
           against the County
8

9   The following claims are dismissed with leave to amend:

10       • The first, second, third, and eleventh causes of action
           as brought against the County
11

12       Setzer and Lopey are dismissed from this case with

13   prejudice.  Plaintiffs shall file their amended complaint within

14   twenty days of the date of this Order.  The County shall file its

15   responsive pleading twenty days thereafter.

16       IT IS SO ORDERED.

17   Dated: January 12, 2017

18                                    _____
                                      JOHN A. MENDEZ,
19                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28