UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VANG, et al,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHERIFF JON LOPEY, et al,<br><br>    Defendants. | No. 2:16-cv-2172-JAM-CMK<br><br>**ORDER GRANTING DEFENDANT SISKIYOU COUNTY'S MOTION TO DISMISS** |

Defendant Siskiyou County ("the County") moves to dismiss Plaintiffs' Second Amended Complaint ("SAC"). ECF No. 59.[1] Plaintiffs oppose the motion. ECF No. 61. For the reasons set forth below, the Court GRANTS the County's motion to dismiss.[2]

///

///

---

[1] The County submitted a Request for Judicial Notice along with its Motion to Dismiss, asking the Court to take judicial notice of thirteen documents on this case's docket. ECF No. 59-2. The Court does not need to take judicial notice of documents on its own docket.

[2] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 4, 2017.

1

I.  FACTS

The Court takes the facts alleged by Plaintiffs—several Hmong individuals who own property in the County—as true for purposes of this motion.

After an increase in the County's Hmong population, the County "launched an attack" against Plaintiffs. SAC ¶ 5. The Board of Supervisors passed two ordinances placing restrictions on growing medical marijuana. SAC ¶ 6. The County discriminatorily enforced these ordinances against Asian individuals. SAC ¶ 11.

In early 2016, Plaintiffs "began registering to vote in Siskiyou County, using the County-assigned parcel numbers of their legally owned property as their residential address." SAC ¶ 18. The County Clerk flagged these voter registration forms for possible voter fraud. SAC ¶ 19.

On two days in June 2016, County officers visited Plaintiffs' properties, and at least one officer carried an assault rifle with him. SAC ¶ 32. These visits scared at least five plaintiffs out of voting in the June or November 2016 elections. SAC ¶¶ 54, 70, 82, 88, 108.

The restrictions on marijuana cultivation passed as Measures T and U in the June election. SAC ¶ 36. Since then, "notices of nuisance violations have been issued overwhelmingly to Asian property owners as opposed to white property owners." Id.

In September 2016, the County "executed a series of search warrants" on at least some Plaintiffs' properties. SAC ¶ 42. The searching officers "handcuffed and held at gunpoint" individuals who were present during the searches and "ransacked"

the properties of those who were not present.  SAC ¶ 43.

Plaintiffs bring four claims against the County in their SAC: (1) unreasonable search and seizure, (2) violation of the Fourteenth Amendment, (3) municipal liability on a failure-to-train theory, and (4) employer liability.  SAC at 29-35.

The Court dismissed Plaintiffs' fourth claim for "employer liability" against the County with prejudice in its January 13, 2017 Order ("1/13/17 Order").  1/13/17 Order at 7.  Accordingly, the Court strikes the fourth claim from the SAC.

II.   OPINION

A.   First Cause of Action: § 1983 Unlawful Search and Seizure Claim

A local government cannot be held liable pursuant to § 1983 under a theory of "respondeat superior."  Christie v. Iopa, 176 F.3d 1231, 1234-35 (9th Cir. 1999).  Instead, municipalities are liable only when action pursuant to official municipal policy causes a constitutional violation.  Id. at 1235.  The "official policy" requirement "distinguishe[s] acts of the *municipality* from acts of *employees* of the municipality," and thereby limits liability to actions for which the municipality is actually responsible.  Id. (emphasis in original).

Plaintiffs do not identify a specific unconstitutional municipal policy or custom which caused this alleged constitutional violation in their first § 1983 claim. Plaintiffs "kitchen-sink" approach to alleging a custom or policy on which to base this claim is insufficient.  Conclusory allegations do not constitute specifically identified County policies as

required.

The Court has already dismissed this claim as brought against the County once with leave to amend. 1/13/17 Order at 7. The Court finds that any further attempt by Plaintiffs to properly plead plead this claim would be futile. The Court therefore dismisses Plaintiffs' first § 1983 claim against the County with prejudice.

    B.    <u>Second Cause of Action: § 1983 Fourteenth Amendment Claim</u>

Plaintiffs attempt to bring a Fourteenth Amendment claim against the County. SAC at 31. Plaintiffs allege the County had a "practice or custom of targeting Asian residents" beginning in 2015. SAC ¶ 132. Plaintiffs allege this targeting has denied Plaintiffs the "right to the quiet enjoyment and use of property." SAC ¶ 133.

Plaintiffs do not clarify in their SAC under which Fourteenth Amendment clause they purport to bring their second cause of action. The SAC alleges that the County was "deliberately indifferent" to the health and safety of Plaintiffs, which suggests a due process claim. SAC ¶ 130. Plaintiffs' opposition brief, however, argues the County "began enforcing the local ordinance disproportionately against Asian American property owners," which suggests an equal protection claim. Opp'n at 12.

The allegations in the SAC regarding Plaintiffs' Fourteenth Amendment claim do not sufficiently put the County on notice of what type of claim it must defend against. See <u>Nicolescu v. Faith & Freedom Coal</u>., 21 F.3d 1114 (9th Cir. 1994) ("Rule 8

4

requires sufficient allegations to put defendants fairly on notice of the claims against them.") The Court therefore dismisses the second claim brought against the County. Because Plaintiffs could potentially assert an equal protection claim based on the alleged facts, the Court grants Plaintiffs one last opportunity to amend its Fourteenth Amendment claim against the County.

C. Third Cause of Action: § 1983 Municipal Liability

Plaintiffs make the same allegations of municipal liability in their SAC as they did in their original complaint. In both, Plaintiffs allege the County's training policies "were not adequate to train its sheriff's deputies and police officers to handle voter fraud investigations and building safety code enforcement." Compl. ¶ 115, SAC ¶ 135.

In the Court's 1/13/17 Order, it outlined the elements of a failure-to-train claim. 1/13/17 Order at 8. Yet Plaintiffs still failed to "identify any specific training that was deficient, or how the policy amounted to deliberate indifference" in their SAC. See id. at 7-8 (citing Molina v. City of Visalia, 2014 WL 1117005, at *4 (E.D. Cal. Mar. 14, 2014)). Because the Court has already given Plaintiffs the opportunity to amend this claim, the Court dismisses Plaintiffs' third cause of action with prejudice.

III. ORDER

For the reasons set forth above, the Court GRANTS the County's motion to dismiss. The first, third, and fourth claims are dismissed with prejudice. The second claim is dismissed with

5

leave to amend.  Plaintiffs shall file their Third Amended Complaint within twenty days of this Order.  The County shall file its responsive pleading twenty days thereafter.

IT IS SO ORDERED.

Dated: April 27, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE