UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VANG, et al,<br><br>        Plaintiffs,<br><br>  v.<br><br>SHERIFF JON LOPEY, et al,<br><br>        Defendants. | No. 2:16-cv-2172-JAM-CMK<br><br>**ORDER GRANTING DEFENDANTS ALEX NISHIMURA AND CAL FIRE'S MOTION TO DISMISS** |

Plaintiffs, several Hmong individuals who own property in Siskiyou County ("the County"), allege Defendants California Department of Forestry and Fire Protection ("Cal Fire") and Alex Nishimura ("Nishimura"), an investigator for the California Secretary of State, violated the Constitution and state and federal law in investigating allegations of voter fraud. Second Amended Complaint ("SAC"), ECF No. 56. Cal Fire and Nishimura (collectively "Defendants") move to dismiss Plaintiffs' SAC. ECF No. 58. Plaintiffs oppose the motion. ECF No. 60.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 4, 2017.

I.   FACTS

The Court takes the facts alleged by Plaintiffs as true for purposes of this motion.

Many members of the Hmong community in the County attempted to register to vote before the June 2016 election. SAC ¶ 18. County clerk Colleen Setzer forwarded copies of several voter registration cards to the California Secretary of State Election Fraud Division for investigation. SAC ¶ 19. Around May 2016, Plaintiffs received letters from Nishimura indicating the Secretary of State would begin conducting a voter fraud investigation. SAC ¶ 24.

On June 1, 2016, Cal Fire officer Monte Whipple and other individuals from Siskiyou County participated in voter fraud investigations. SAC ¶ 27. Members of these investigation teams told Plaintiffs "they could not use their property to register to vote, and would be prosecuted if they attempted to vote." SAC ¶ 31. The investigation team included "at least one officer of a government agency carrying an assault rifle." Id.

On June 2, an investigation team visited Dang Xiong's property. SAC ¶ 73. "As Mr. Xiong approached the vehicles, the sheriff's officer and the person in the CAL-FIRE truck pulled out two assault rifles." SAC ¶ 74. Xiong feared voting after his interaction with the armed Cal Fire agent, but Xiong still voted on June 7 using a provisional ballot. SAC ¶ 78.

Also on June 2, Nishimura visited Plaintiff Jesse Vang's property and told Vang "he would go to jail if he voted on June 7, 2016, because he did not register properly online." SAC ¶¶ 47-50. Vang did not vote in the June or November elections

because he feared arrest if he voted. SAC ¶ 54.

Plaintiffs do not make any other specific factual allegations against Nishimura or Cal Fire in their SAC.

Plaintiffs bring nine claims in total. Six of these claims are against Cal Fire and Nishimura: (1) unreasonable search and seizure under § 1983, (2) violation of the Fourteenth Amendment under § 1983, (3) negligence, (4) violation of California Elections Code § 14027, (5) violation of § 2 of the Voting Rights Act ("VRA"), and (6) negligent infliction of emotional distress ("NIED"). SAC at 29-38. Plaintiffs bring a seventh claim against only Cal Fire for negligent hiring and supervision. SAC at 36.

## II. OPINION

### A. Claims Against Cal Fire

Cal Fire argues that other than the VRA claim, the Eleventh Amendment bars "all of Plaintiff's claims against the state agency CAL FIRE." Mot. at 4.

#### 1. § 1983 Claims Against Cal Fire (First and Second Causes of Action)

The Eleventh Amendment bars a citizen from bringing a suit against the citizen's own state in federal court. Clark v. California Dep't of Forestry & Fire Prot., 2016 WL 4411816, at *5 (N.D. Cal. Aug. 19, 2016). "This immunity also extends to state agencies and departments," including Cal Fire. Id.

Some exceptions exist to state sovereign immunity, such as if a state expressly waives its immunity and consents to suit in federal court or if Congress overrides that immunity. Moreno v.

Thomas, 490 F. Supp. 2d 1055, 1059 (C.D. Cal. 2007). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Id. (internal quotation marks and citations omitted). But, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." Children's Hosp. & Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir. 1999).

Plaintiffs argue their first two claims should proceed against Cal Fire because they seek "prospective injunctive and declaratory relief." Opp'n at 6. But the Eleventh Amendment exception for pursuing injunctive relief applies only to "state officers," not to state agencies. See Children's Hosp., 188 F. 3d. at 1095. The Court therefore finds Cal Fire is immune from liability for Plaintiffs' § 1983 claims, and thus dismisses Plaintiffs' first two claims against Cal Fire with prejudice.

2. State Common Law Claims Against Cal Fire (Fifth, Sixth, and Ninth Causes of Action)

Plaintiffs assert three California state common law claims against Cal Fire: negligence, negligent hiring/supervision, and NIED. SAC at 35-36, 40. As stated in this Court's previous Order, "[i]t is well-settled that there is no common law tort liability for public entities in California; instead, such liability must be based on statute." Cardinal v. Buchnoff, 2010 WL 3609489, at *2 (S.D. Cal. Sept. 14, 2010). Plaintiffs' fifth, sixth, and ninth claims are based on common law, not statute, and thus are dismissed as brought against Cal Fire with prejudice.

4

### 3. California Elections Code § 14027 (Seventh Cause of Action)

Plaintiffs allege Cal Fire "use[d] an 'at-large election' to pass Measures T and U, in an intentional, unlawful and selective way for the purpose of disenfranchising Plaintiffs" in violation of California Elections Code § 14027. SAC ¶ 155. The Court discussed § 14027 in its previous Order and stated that it "appl[ies] to elections of *candidates*." 1/13/17 Order at 12, ECF No. 51. Plaintiffs have once again failed to "cite to any authority to support their contention that [§ 14027] appl[ies] to passage of measures or propositions." See id. The Court dismisses Plaintiffs' seventh claim for violation of California Election Code § 14027 as brought against Cal Fire and Nishimura with prejudice.

### 4. Violation of the Voting Rights Act (Eighth Cause of Action)

Plaintiffs allege Cal Fire violated 52 U.S.C. § 10303(f)(2) by "impos[ing] voting qualifications and/or prerequisites to voting and/or standards, practices, or procedures in a manner resulting in a denial or abridgement of the right of Plaintiffs . . . to vote on account of race or color." SAC ¶ 158. Section 10303(f)(2) states that "[n]o voting qualification or prerequisite to voting, or standard, practice, or procedure shall be imposed or applied by any State or political subdivision to deny or abridge the right of any citizen of the United States to vote because he is a member of a language minority group." 52 U.S.C. § 10303(f)(2).

Cal Fire argues the presence of one of its officers during

an investigation into voter fraud "does not amount to an imposition of a prerequisite, or 'standard, practice, or procedure' in violation of the Voting Rights Act." Mot. at 15. Plaintiffs respond that the "voter provisions, intimidation tactics and restrictions which targeted Plaintiffs [and interfered] with Plaintiffs['] right to vote, rose to a 'standard, practice, or procedure' from which a court must find a violation of § 2 of the Voting Rights Act." Opp'n at 13. Plaintiffs do not cite to any legal authority to support this claim.

The only factual allegations against Cal Fire are that Cal Fire officials assisted with a voter fraud investigation on two days in June 2016 while carrying assault rifles. The Court finds these allegations insufficient to allege Cal Fire's conduct rose to the level of the imposition of a "standard, practice, or procedure" with the intent to deny Plaintiffs the right to vote. The Court dismisses the VRA claim as brought against Cal Fire with prejudice.

The Court also dismisses the VRA claim as brought against Nishimura with prejudice because Nishimura is not a "State or political subdivision" to which the VRA applies.

B. Remaining Claims Against Nishimura

1. Search and Seizure § 1983 Claim (First Cause of Action)

Nishimura argues that Plaintiffs have not stated a § 1983 unlawful search and seizure against him. Mot. at 8-9. Plaintiffs respond that "Nishimura authored an investigatory letter," asked one plaintiff for his name and identification,

and threatened the same plaintiff that he would go to jail if he voted in the June 2016 election. Opp'n at 7.

But state officials do not violate the right against search and seizure when they "ask questions of an individual [or] ask to examine the individual's identification." United States v. Gutierrez-Llamas, 24 F. App'x 787, 788 (9th Cir. 2001). As to the allegations that Nishimura "authored an investigatory letter" and told a plaintiff that he could go to jail, Plaintiffs do not provide any legal authority stating these actions constitute unlawful search and seizure. Plaintiffs make other allegations against Nishimura in their opposition brief—i.e. Nishimura engaged in some planning meetings with County officials—but none of these allegations appear in Plaintiffs' SAC.

There are no allegations that Nishimura personally searched or seized any of Plaintiffs' persons or property. The Court therefore dismisses Plaintiffs' first claim as brought against Nishimura with prejudice.

2. Due Process Claim (Second Cause of Action)

Plaintiffs allege Nishimura was "deliberately indifferent to the health and safety of Plaintiffs" or "acted with purpose to cause harm" in violation of the Fourteenth Amendment. SAC ¶ 130.

i. Deliberate Indifference

The Fourteenth Amendment's Due Process Clause "does not confer any affirmative right to governmental aid and typically does not impose a duty on the state to protect individuals from third parties." A.D. v. California Highway Patrol, 712 F.3d

446, 453 (9th Cir. 2013) (internal quotation marks omitted). There are two exceptions to this rule: (1) the "special relationship" exception—when a custodial relationship exists between the plaintiff and the State such that the State assumes some responsibility for the plaintiff's safety and well-being; and (2) the "state-created danger" exception—when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known and obvious danger. Id.

Plaintiffs have not pled facts to support that either of the two exceptions apply. Plaintiffs' "deliberate indifference" claim against Nishimura fails, and the Court dismisses it with prejudice.

### ii. Purpose to Harm

A law enforcement officer violates the Fourteenth Amendment when he acts with "a purpose to cause harm unrelated to the legitimate object of arrest." Estate of Kosakoff ex rel. Kosakoff v. City of San Diego, 460 F. App'x 652, 655 (9th Cir. 2011). Plaintiffs do not indicate in their SAC or in their opposition how Nishimura acted with "purpose to cause harm" toward Plaintiffs.

The Court dismisses the first and second claims as brought against Nishimura with prejudice. Because Plaintiffs have not stated § 1983 claims against Nishimura and because the Court dismisses those claims with prejudice, the Court need not address Nishimura's assertions of Eleventh Amendment immunity and qualified immunity.

### 3. State Law Claims (Fifth and Ninth Claims)

In addition to the California Elections Code § 14027 claim—

which the Court dismissed above—Plaintiffs bring two other state claims against Nishimura: negligence and NIED. SAC at 35, 40.

Nishimura argues California Government Code § 821.6 shields him from liability from Plaintiffs' state law claims. Mot. at 11. Section 821.6 states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6.

California courts construe section 821.6 broadly. Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1048 (2007). "Section 821.6 is not limited to conduct occurring during formal proceedings. It also extends to actions taken in preparation for formal proceedings. Because investigation is 'an essential step' toward the institution of formal proceedings, it is also cloaked with immunity." Clark v. Cty. of Tulare, 2010 WL 5437195, at *2 (E.D. Cal. Dec. 27, 2010) (quoting Javor v. Taggart, 98 Cal.App.4th 795, 808 (2002)) (internal punctuation omitted).

Plaintiffs argue Nishimura's "actions exceed the scope of immunity protection" offered by § 821.6. Opp'n at 12. Plaintiffs do not provide any legal authority to support their contention that Nishimura's actions in investigating potential voter fraud exceeded § 821.6 immunity. Nishimura argues "Plaintiffs have only alleged that Nishimura sent letters requesting Plaintiffs fill out a questionnaire and visited and spoke with Plaintiffs in furtherance of his investigation . . . These actions are well within the [§ 821.6] immunity." Mot. at 11.

The Court agrees with Nishimura. The factual allegations against him arose in the context of his investigation of potential voter fraud and § 821.6 therefore shields him from liability for state law claims. The Court dismisses the fifth and ninth causes of action as brought against Nishimura with prejudice.

## II. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss with prejudice. Nishimura and Cal Fire are dismissed as defendants in this case.

IT IS SO ORDERED.

Dated: May 3, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE