UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VANG, et al,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHERIFF JON LOPEY, et al,<br><br>    Defendants. | No. 2:16-cv-2172-JAM-CMK<br><br>**ORDER GRANTING DEFENDANT SISKIYOU COUNTY'S MOTION TO DISMISS** |

Defendant Siskiyou County ("the County") moves to dismiss Plaintiffs' Third Amended Complaint ("TAC"). Mot. to Dismiss, ECF No. 72. Plaintiffs oppose the motion. Opp'n, ECF No. 74.[1] For the reasons set forth below, the Court GRANTS the County's motion to dismiss.[2]

///

///

---

[1] Plaintiffs filed two briefs in opposition to the County's motion to dismiss: ECF Nos. 73, 74. The two briefs appear to be the same, and Plaintiffs filed both on time. The Court considers ECF No. 74 the operative opposition brief.

[2] This motion was determined suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 29, 2017.

## I. FACTS

Plaintiffs—several Hmong individuals who own property in the County—allege that after the Hmong population increased, the County "launched an unlawful and discriminatory campaign" against Plaintiffs. TAC ¶ 5. The Board of Supervisors passed two ordinances restricting medical marijuana growth. TAC ¶ 6. The County allegedly disproportionately enforced these ordinances against Asian American individuals. TAC ¶ 11.

In early 2016, Plaintiffs "began registering to vote in Siskiyou County, using the County-assigned parcel numbers of their legally owned property as their residential address." TAC ¶ 18. The County Clerk flagged these voter registration forms for possible voter fraud. TAC ¶ 19.

On two days in June 2016, County officers visited Plaintiffs' properties, and allegedly some officers carried assault rifles. TAC ¶ 32. These visits scared some plaintiffs out of voting in the June or November 2016 elections. TAC ¶¶ 54, 70, 82, 88, 108.

The restrictions on cultivating medical marijuana passed as Measures T and U in the June election. TAC ¶ 36. Since then, Plaintiffs allege the County has "deliberately policed subdivisions where high concentrations of Asian American property owners are known to reside." TAC ¶ 36. Additionally, "notices of nuisance violations have been issued overwhelmingly to Asian property owners as opposed to white property owners, which comprise the majority racial population in Siskiyou County." TAC ¶ 36.

In September 2016, the County "executed a series of search

warrants" on some of Plaintiffs' properties.  SAC ¶ 42.  The searching officers "handcuffed and held at gunpoint" individuals present during the searches and "ransacked" the properties of those not present.  SAC ¶ 43.

Plaintiffs brought two claims in their TAC: (1) racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment and (2) retaliation in violation of the First Amendment.  TAC at 33, 38.  The Court has already dismissed Plaintiffs' second claim because "Plaintiffs did not raise a First Amendment claim in any of their previous complaints, and the Court gave Plaintiffs leave to amend only their second cause of action for alleged violation of the Fourteenth Amendment."  Minute Order, ECF No. 71.

## II.   OPINION

### A.   Legal Standard

Government actors violate the Fourteenth Amendment's equal protection clause when they "enforce a valid statute in a discriminatory fashion."  United States v. Steele, 461 F.2d 1148, 1151 (9th Cir. 1972).  But, mere selectivity in enforcing laws does not violate the Constitution.  Id.  To establish an equal protection claim based on selective enforcement a plaintiff must show the enforcement "(1) has a discriminatory effect; and (2) is motivated by a discriminatory purpose."  Cuviello v. City & Cty. of S.F., 940 F. Supp. 2d 1071, 1097 (N.D. Cal. 2013).

In addition to showing discriminatory purpose and effect, plaintiffs alleging selective enforcement against a municipality

must demonstrate the misconduct comes from a "policy, plan, or a pervasive pattern." Rosenbaum v. City & Cty. of S.F., 484 F.3d 1142, 1153 (9th Cir. 2007).

B. Analysis

The County argues the Court should dismiss Plaintiffs' equal protection claim because they have not alleged intentional discrimination or that the County had a policy or custom of such discrimination. Mot. at 11, 14. The Court agrees with the County on both issues.

1. Intentional Discrimination

Plaintiffs must allege facts to support discriminatory effect and intent to proceed on a selective enforcement claim. Steele, 461 F.2d at 1151.

a. Discriminatory Effect

To show discriminatory effect, a plaintiff must allege facts showing "others similarly situated generally have not been prosecuted for conduct similar to that for which he was prosecuted." United States v. Scott, 521 F.2d 1188, 1195 (9th Cir. 1975). The plaintiff must "identify a similarly situated class" against which the court can compare the plaintiff's class. Morrow v. City of San Diego, No. 11-CV-01497-BAS-KSC, 2017 WL 3131547, at *3 (S.D. Cal. Jul. 21, 2017).

Plaintiffs allege "[a]t least 33 of the 39 total nuisance violation notices (or approximately 85%) issued under the new 2016 Ordinance[s] were issued to Asian American property owners." TAC ¶ 39. Plaintiffs also contend the "[n]on-Asian American residents who received nuisance violation notices and requested abatement hearings were provided hearings and were not

4

raided by the sheriff's department." TAC ¶ 41. Plaintiffs further state two criminal cases were filed following the property searches before the ordinances were passed, and "[b]oth of the criminal cases were filed against Asian Americans [and] [n]ot one single case was filed against non-Asian residents." TAC ¶ 43.

The County argues such allegations cannot withstand a motion to dismiss because "Plaintiffs do not allege that there were large populations of other ethnicities that were illegally growing marijuana in Siskiyou County, but that were not affected by issuance of nuisance violations." Mot. at 5. The County contends: "The conduct alleged in Plaintiffs' pleading occurred not because Plaintiffs were Asian-Americans, but because they were illegally growing large quantities of marijuana on their properties." Reply at 5. Additionally, the above allegations actually show the County enforced the ordinance against non-Asian individuals by issuing nuisance violations to six non-Asian individuals. Furthermore, even if Plaintiffs have identified people against whom the County did not enforce the ordinance, Plaintiffs fail to indicate how or whether these other individuals were "similarly situated" to Plaintiffs.

Plaintiffs have not sufficiently alleged facts demonstrating that the County failed to enforce the marijuana ordinances against a similarly situated class of people, and therefore have not shown discriminatory effect. See Wilkins v. City of Tempe, No. CV09-00752-PHX-MHM, 2010 WL 94116, at *5 (D. Ariz. Jan. 6, 2010)("Plaintiff's pleadings do not allege a discriminatory effect, as he has not alleged facts demonstrating

5

that Defendants failed to enforce similar laws against similarly situated individuals.").

### b. Discriminatory Intent

To show discriminatory intent or purpose, plaintiffs must allege facts showing the defendant enforced a law based "on an impermissible ground, such as race, religion or control over the exercise of their expression." United States v. Hooten, 662 F.2d 628, 634 (9th Cir. 1981).

The County argues Plaintiffs' allegations do not show intentional discrimination, but instead "simply establish the enforcement of a lawfully enacted voter-approved ordinance." Mot. at 14. Additionally, the County asserts that "Plaintiffs fail to specifically allege any fact to support their claim that any action was taken against any Plaintiff *because* they were Asian." Reply at 5 (emphasis in original).

Plaintiffs respond that their TAC alleges:

> Defendant intentionally enacted SCC 10-14.030, intentionally and exclusively enforced the local ordinance against a protected racial group (Asian Americans) in the county, intentionally launched a voter fraud investigation against Plaintiffs (because they are Asian American) because they registered to vote, and intentionally raided the homes of Plaintiffs prior to the general election in an effort to further intimidate, harass and otherwise prevent Plaintiffs from exercising their right to vote.

Opp'n at 10.

But Plaintiffs' argument relies on conclusory assertions of intent without facts showing actual subjective intent. Plaintiffs do not cite to any cases where merely alleging discriminatory intent without supportive facts suffices to establish an equal protection claim's "intent" requirement.

6

Plaintiffs have not shown discriminatory effect or intent, and their equal protection claim therefore fails.

                 2.    County Policy or Custom

The County argues Plaintiffs fail to allege the County had a policy or practice that violated the equal protection clause. Mot. at 11. The County asserts that even though Plaintiffs have had multiple opportunities to amend their complaint "it is still not clear which municipal policy was used to deprive them of any federal right based on race." Mot. at 2.

Plaintiffs allege the County has had a practice or custom of targeting Asian Americans "since 2015 after the County Board of Supervisors enacted a local ordinance that was intended to target Asian landowners in rural areas of the county." TAC ¶ 134. Plaintiffs argue the facts in the complaint "show a pattern and practice of Defendant targeting Asian Americans disproportionately." Opp'n. at 8. Plaintiffs contend their allegations "are not mere suspicions of Defendants' activity— they actually occurred, and Defendant does not dispute [that]." Id. at 10.

The County responds that it does not dispute the allegations because the Court must take the Plaintiffs' alleged facts as true in deciding this motion. Reply at 2. Even if all these facts are true, the County argues, it still does not show the County had a policy or custom of intentional discrimination against Asian-Americans. Id. The County cites to a Ninth Circuit case which articulated the requirement for a Monell claim as follows:

    Absent a formal governmental policy, [a plaintiff]

7

> must show a "longstanding practice or custom which
> constitutes the standard operating procedure of the
> local government entity." Gillette, 979 F.2d at 1346–
> 47. The custom must be so "persistent and widespread"
> that it constitutes a "permanent and well settled city
> policy." Monell v. Dept. of Soc. Serv. of N.Y., 436
> U.S. 658, 691 (1978). Liability for improper custom
> may not be predicated on isolated or sporadic
> incidents; it must be founded upon practices of
> sufficient duration, frequency and consistency that
> the conduct has become a traditional method of
> carrying out policy.

Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). The County argues "the subject ordinances had not been in place for a sufficient duration" to allow the development a custom of discriminatory enforcement. Reply at 3.

Plaintiffs simply do not identify any "longstanding practice or custom" of the County discriminatorily enforcing medical marijuana ordinances and related laws against Asian Americans. The Court finds Plaintiffs have failed to allege an unconstitutional policy or custom sufficient to proceed on a § 1983 claim against the County.

        3.    Other Arguments Warranting Dismissal

The County also makes other meritorious arguments in favor of dismissing Plaintiffs' TAC. First, the County argues Plaintiffs have not provided sufficient notice of the claim the County must defend against. Mot. at 2. The County points out that "[a]lthough the sole cause of action is titled 'racial discrimination in violation of the equal protection clause of the fourteenth amendment'" the terms "equal privileges and immunities under the law" and "due process" also appear under this claim. Id. The Court agrees with the County, and finds that like Plaintiffs' previous complaints, the TAC fails to

8

clarify their precise theory of liability.  Plaintiffs cannot simply throw legal terms against the wall to see what sticks.

The County also argues this case is not a class action, and Plaintiffs must address how the County's alleged unconstitutional policy injured each individual plaintiff specifically.  Id. at 6.  The TAC lays out facts specific to each individual, but does not explain how these facts show the County denied each individual equal protection under the law.  Plaintiffs take the same approach in their opposition brief.  They spend several pages listing facts alleged in the TAC, but they do not apply the facts to the law, distinguish the cases cited by the County, or analogize relevant cases to their facts.

For all the reasons discussed above, the Court dismisses Plaintiffs' equal protection claim with prejudice.  Plaintiffs have already amended their complaint multiple times, and the Court finds giving Plaintiffs another chance to amend futile.  See Centeno v. Wilson, No. 1:08-CV-1435-FJM, 2010 WL 1980157, at *1 (E.D. Cal. May 17, 2010) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.")

C.   Request for Sanctions

The County argues the Court should sanction Plaintiffs for violating "court orders and court rules on multiple occasions." Mot. at 1 n.1.  Whether to impose sanctions falls within the trial court's discretion.  Ill. Tool Works, Inc. v. Phoenix Am. Holdings, Inc., No. CV 08-5721CASMANX, 2009 WL 290249, at *1 (C.D. Cal. Feb. 3, 2009) (citing Fed. R. Civ. P. 11(c)).  Dismissing an action is a "severe sanction."  Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988).  The Court does not dismiss

Plaintiffs' TAC to sanction Plaintiffs. But given this dismissal with prejudice, the Court finds no need to impose monetary sanctions on Plaintiffs' counsel. See <u>Martinez v. Lunes</u>, No. 1:04CV06469-LJO-DLB, 2009 WL 1271864, at *2 (E.D. Cal. Apr. 30, 2009) ("Given the severe nature of the sanction of dismissal, the Court declines to recommend imposition of monetary sanctions.").

    D.   <u>Attorneys' Fees</u>

The County seeks attorneys' fees in its motion. Mot. at 15. The County's request does not provide the information required by Local Rule 293(b). The Court denies the County's request for attorneys' fees.

### III. ORDER

For the reasons set forth above, the Court GRANTS the County's motion to dismiss with prejudice. The Court has dismissed with prejudice all Plaintiffs' claims against all defendants and therefore directs the Clerk of Court to close the case.

IT IS SO ORDERED.

Dated: September 1, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE