UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESSE VANG, et al.,

        Plaintiffs,

    v.

SHERIFF JON LOPEY, et al.,

        Defendants.

No. 2:16-cv-2172-JAM-CMK

**ORDER DENYING DEFENDANT SISKIYOU COUNTY'S MOTION FOR ATTORNEY FEES**

    In September 2016, Plaintiffs sued Defendant Siskiyou County ("the County") and other government agencies and officials, alleging a myriad of civil rights violations. Compl., ECF No. 1, pp. 24-30. The Court denied Plaintiffs' request for a preliminary injunction, ECF No. 33, and eventually dismissed all their claims after granting Plaintiffs leave to amend. See Orders, ECF Nos. 51, 67, 68, 77.

    In the last order of dismissal, the Court denied the County's request to impose sanctions, finding that dismissal with prejudice was a sufficient sanction. Order, ECF No. 77, pp. 9-

1

10. The Court also denied the County's request for attorney's fees twice, most recently based on the County's noncompliance with Local Rule 293(b). Id. at 10; Order, ECF No. 51, p. 15.

Undeterred, the County has filed another motion seeking fees and sanctions, which the Court now addresses. Mot. Fees, ECF No. 79. In this motion, the County seeks $97,757.50 in fees from both Plaintiffs and their counsel under 42 U.S.C. § 1988 and 28 U.S.C. § 1927. Id. at 2. Plaintiffs did not file an opposition to the motion. Nevertheless, the Court is required to determine the motion on its merits, or lack thereof. For the reasons set forth below, the Court DENIES the County's Motion for Attorney Fees.[1]

## I. DISCUSSION

### A. Attorneys' Fees Under 42 U.S.C. § 1988

In a § 1983 action, a district court has discretion to allow the prevailing party an award of reasonable attorney's fees. 42 U.S.C. § 1988(b). "Authorization for attorneys' fees under § 1988 is different for prevailing defendants in a civil rights action than for prevailing plaintiffs." Legal Servs. of N. Cal., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997). Prevailing defendants may recover fees only when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christianburg Garment Co. v. Equal Employ't Opportunity Comm'n, 434 U.S. 412, 421 (1978). "An

---

[1] This motion was determined suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 5, 2017.

action becomes frivolous when the result appears obvious or the arguments are wholly without merit." <u>Galen v. Cty. of Los Angeles</u>, 477 F.3d 652, 666 (9th Cir. 2007).

"The strict nature of the <u>Christiansburg</u> standard is premised on the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under . . . § 1983." <u>Miller v. Los Angeles Cty. Bd. of Educ.</u>, 827 F.2d 617, 619 (9th Cir. 1987). The Supreme Court instructs district courts to avoid <u>post hoc</u> reasoning because "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." <u>Christiansburg</u>, 434 U.S. at 421-22. "[T]he mere fact that a defendant prevails does not automatically support an award of fees." <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir. 1994).

Here, the Court does not find that the County has satisfied the strict standard governing fee awards to prevailing defendants in civil rights cases. As noted in the Court's April 2017 order, Plaintiffs' alleged facts could have potentially asserted an equal protection claim. Order, ECF No. 67, pp. 4-5. Despite numerous opportunities to amend, however, Plaintiffs failed to adequately plead their claims. Order, ECF No. 77, p. 9. The Court did not base this finding on the Plaintiffs' action being "frivolous, unreasonable, or without foundation," and found no need to impose sanctions on Plaintiffs' counsel in light of the dismissal with prejudice. <u>Id.</u> at 10; <u>see also</u> <u>Christianburg</u>, 434 U.S. at 421. Thus, the Court declines to exercise its discretion to award attorney's fees under § 1988.

3

B.     Costs, Expenses, and Fees Under 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]n attorney who unreasonably and vexatiously 'multiplies the proceedings' may be required to pay the excess fees and costs caused by his [or her] conduct." Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1218-19 (9th Cir. 2010).  Section 1927 sanctions are available when an attorney acts either recklessly or in bad faith.  Id. at 1219.  "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."  In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996).  "[R]eckless nonfrivolous filings, without more, may not be sanctioned."  Id. The Court may not apply § 1927 to an initial pleading, id. at 435, or impose § 1927 sanctions against an attorney's clients. See Kaass Law v. Wells Fargo Bank, N.A., 799 F.3d 1290, 1293 (9th Cir. 2015).

The County asks the Court to impose an excessive fees award against Plaintiffs and their counsel, jointly and severally. Mot. Fees at 14.  As referenced above, § 1927 does not authorize the Court to impose fees on an attorney's clients.  See Kaass, 799 F.3d at 1293.  After a thorough review of the pleadings that followed the case's initial filing, the Court finds that the County failed to carry its burden of showing Plaintiffs' counsel acted in bad faith or recklessly submitted frivolous pleadings. While Plaintiffs' counsel did not excel at following the Local Rules and Court orders, counsel's conduct fails short of bad

faith.[2]  Similarly, the County has not provided sufficient evidence that Plaintiffs' counsel multiplied the proceedings with intent to harass Defendants.

Accordingly, the Court therefore declines to award costs, expenses, and fees under § 1927.[3]

## II.    ORDER

For the reasons set forth above, the Court DENIES the County's motion.

IT IS SO ORDERED.

Dated: December 7, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Although the County takes issue with Plaintiffs' supporters attending a hearing, the First Amendment protects the public's right to access most judicial proceedings.  See Courthouse News Serv. v. Planet, 750 F.3d 776, 786 (9th Cir. 2014).

[3] Had the Court elected to award the County attorneys' fees, the records submitted in support of this motion would not support such an award.  See Spinelli Dec., ECF No. 79-2, pp. 4-5.  First, the sum provided by the County's counsel for total fees is mathematically incorrect based on the hours and rates listed. Second, there is no distinction in the billing as to how much time was expended on each claim.  Finally, the tasks are "block-billed," with some tasks combining multiple attorneys, various unnamed dates, and hundreds of hours of tasks.  See id. ("Ms. Williams, Ms. Winter, and I further spent 199.2 hours and $36,651.00 on further defense of this matter . . . include[ing] strategy meetings, and teleconferences with each other and our clients, document review and analysis, discussions . . . .").  See e.g., Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 623 (9th Cir. 1993) (stating that mere summaries of hours worked are inadequate).

5